UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROOKE SPURLOCK, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-0096-B |
| | § | |
| MARK BENNETT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Plaintiffs Brooke and Dennis Spurlock ("the Spurlocks") move to remand this case to the Dallas County Court at Law Number 3 on the following grounds: (1) the lawsuit does not involve a federal question; (2) the defendant has alleged only the residency of the parties and not their citizenship; (3) the defendant is a citizen of the forum state; and (4) the defendant has waived his right to remove by requesting affirmative relief. (Plaintiff's Mem. of Law in Supp. of Mot. to Remand). For the reasons that follow, the Motion to Remand (doc. 5) is **GRANTED.**

### I. Background

On December 12, 2007, the Spurlocks sued Defendant Mark Bennett ("Bennett") in Texas state court alleging assault-infliction of bodily injury; infliction of emotional distress, negligence, and gross negligence. Bennett removed this lawsuit on January 22, 2008. In his notice of removal, Bennett asserted that this case is removable pursuant to 28 U.S.C. § 1332 based on diversity of citizenship. (Notice of Removal 4). The Spurlocks filed the instant Motion to Remand on February

1

13, 2008 (doc. 5). On February 28, 2008, Bennett filed a Supplemental Notice of Removal[1] (doc. 7). Bennett did not file a response to the Motion to Remand, and the time for a response has now passed.

## II. Analysis

**A.     Legal Standard**

Because the jurisdiction of the federal courts is limited, a federal court must presume that a suit falls outside its jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party invoking federal jurisdiction has the burden of establishing it. *Id.* In the removal context, this is the removing party. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). All doubts and ambiguities concerning the propriety of removal must be resolved against removal and in favor of remand. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**B.  Application of 28 U.S.C. § 1441(b)**

The Spurlocks contend that removal was improper under 28 U.S.C. §1441(b) because Bennett is a citizen of the forum state. 28 U.S.C. § 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Based on this provision, a defendant who is a citizen of the forum state may not remove a case when federal jurisdiction is based solely on diversity jurisdiction and not federal question jurisdiction. As

---

[1] Bennett's Supplemental Notice of Removal only addresses the Spurlocks' argument that he has failed to allege the citizenship of the parties. It does not respond to the Spurlocks' argument regarding 28 U.S.C. §1441(b), which, as discussed below, the Court finds dispositive of this Motion.

2

leading commentators have explained:

> It is important to note that when removal is sought on the basis of a claim presenting a federal question, the statute explicitly provides that the citizenship and residence of the parties are immaterial. Accordingly, even a resident or citizen defendant may remove a federal question case. By contrast, in state court actions in which only complete diversity of citizenship and a sufficient amount in controversy is available as a basis for federal jurisdiction, removal is barred if any of the defendants is a citizen of the state in which the action originally was brought.

14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3722 (citations omitted); see also *Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 290 n.1 (5th Cir. 1997) (citation omitted) ("Under 28 U.S.C. § 1441, an action may be removed based on diversity of citizenship jurisdiction only if none of the defendants are citizens of the state where the action was filed."); 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3723 (citations omitted) ("Section 1441(b) explicitly provides, and the cases uniformly hold, that removal to federal court based on diversity of citizenship is available only if *none* of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action is brought . . . For example, suppose a Texas plaintiff sues a California defendant in a California state court. The defendant cannot remove, even though the Texas plaintiff could have brought the same suit in a California federal court originally on the basis of diversity of citizenship jurisdiction.").

The Spurlocks only asserted state law claims against Bennett, and Bennett claims that this Court's jurisdiction is based on diversity of citizenship. Under Section 1441, removal was improper because Bennett is a citizen of Texas--the state in which the Spurlocks originally filed this lawsuit. Accordingly, this case should be remanded to state court, and the Court need not address the Spurlocks' other grounds for remanding the case.

C.      Costs, Attorneys' fees, and Sanctions

Having concluded that the Spurlocks' motion to remand should be granted, the Court now turns to the Spurlocks' request for court costs, expenses, and attorney's fees under 28 U.S.C. § 1447(c). The Court finds that the removal of this action was not so implausible as to justify an award of attorney's fees. *See Erlandson v. Liberty Life Assur. Co. of Boston*, 320 F.Supp.2d 501, 511 (N.D. Tex. 2004). Accordingly, the Spurlocks' request for costs, expenses, and attorney's fees is **DENIED.**

### III. Conclusion

For the foregoing reasons, the Court **ORDERS** that the Spurlocks' Motion to Remand is **GRANTED** and that this case should be and hereby is **REMANDED** to the Dallas County Court at Law Number 3. The Clerk of Court is directed to transmit the file to the Clerk of the Dallas County Court at Law. The Spurlocks' request for court costs, expenses, and attorney's fees is **DENIED**.

SO ORDERED

SIGNED April 16, 2008

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE